UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LISA ANDERSON, | Case No. 18cv2137-JAH (WVG) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL (Doc. No. 13)** |
| DOES 1-6; MARK HELD; GREGORY WILLIAMS, | |
| Defendants. | |

Pending before this Court is Plaintiff Lisa Anderson's ("Plaintiff") Motion for Appointment of Counsel. See Doc. No. 13. There is no constitutional right to be represented by counsel in a civil action. Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994); See Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir. 1989). Under 28 U.S.C. § 1915(e)(1), however, district courts may appoint counsel for indigent litigants under "exceptional circumstances." See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Determining whether "exceptional circumstances" exist requires a court to evaluate (1) the likelihood of success on the merits, and (2) the ability of the petitioner to articulate his claims pro se in light of the complexity of the issues. Id. "Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id.

| | |
|---|---|
| 1 | The Court finds "exceptional circumstances" do not apply to Plaintiff's situation. See Terrell, 935 F.2d at 1017. Plaintiff has not demonstrated a likelihood of success on the merits or an inability to articulate her claims warranting an appointment of counsel. |

The Court finds "exceptional circumstances" do not apply to Plaintiff's situation. See Terrell, 935 F.2d at 1017. Plaintiff has not demonstrated a likelihood of success on the merits or an inability to articulate her claims warranting an appointment of counsel.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Lisa Anderson's request for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED: February 11, 2019

_____
JOHN A. HOUSTON
United States District Judge