UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ANDERSON., | Case No. 18cv2137-JAH (WVG) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. No. 20)** |
| v. | |
| DOES 1-6, et al., | |
| Defendants. | |

## **INTRODUCTION**

Pending before the Court is Defendants Mark Held, San Diego Metropolitan Transit System, and San Diego Transit Corporation's (collectively "Defendants") Motion to Dismiss ("Motion") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure Plaintiff Lisa Anderson's First Amended Complaint ("FAC") (Doc. No. 18). See Doc. No. 20. Plaintiff filed a response in opposition. See Doc. No. 22. The Motion is fully briefed. After careful consideration of the pleadings filed by both parties, and for the reasons set forth below, the Court **GRANTS** Defendants' Motion. Plaintiff's First Amended Complaint ("FAC") is **dismissed with prejudice**.

//

//

//

1

# BACKGROUND

Plaintiff is *pro se* and filed her initial complaint on September 14, 2018 against city bus drivers alleging intentional infliction of emotional distress. See Doc. No. 1. On October 18, 2018, the Court granted Plaintiff's motion to proceed *in forma pauperis*. See Doc. No. 5. Defendants filed a motion to dismiss on January 2, 2019. See Doc. No. 11. On February 4, 2019, Plaintiff filed a motion to appoint counsel. See Doc. No. 13. On February 11, 2019, the Court issued an order denying Plaintiff's request. See Doc. No. 14. On March 4, 2019, the Court issued an order granting Defendants' motion to dismiss. See Doc. No. 17. The Court dismissed Plaintiff's complaint (Doc. No.1) without prejudice, and Plaintiff had thirty days to file an amended complaint. Id. Plaintiff filed the FAC on April 3, 2019. See Doc. No. 18. On April 18, 2019, Defendants filed a Motion to Dismiss for failure to state a claim and lack of subject matter jurisdiction. See Doc. No. 20. Plaintiff filed a response in opposition on May 15, 2019. See Doc. No. 22. Defendants filed a reply on May 24, 2019. See Doc. No. 27.

# DISCUSSION

## I.  Legal Standards

### a.  Federal Rule of Civil Procedure Rule 12(b)(1)

Under 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. See Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quoting Thornhill

2

Publishing Co. v. General Telephone & Electronic Corp., 594 F.2d 730, 733 (9th Cir. 1979)).  Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

### b. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the Guild is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the Dougherty to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 556 U.S. at 678).  "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), a court must assume the truth of all factual allegations and construe the factual allegations in the light most favorable to the nonmoving party. Cahil v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are "cast in the form of factual allegations." Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).  The court may consider facts alleged in the complaint, documents attached to the complaint, documents

3

relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.  Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

## II.    Analysis

Defendants argue that Plaintiff's intentional infliction of emotional distress claim fails because Plaintiff fails to plead coherent facts.  Doc. No. 20-1 at pg. 13.  In support, Defendants refer to Plaintiff's allegation of how "menacing conduct" of the bus drivers "greatly disturbed her, causing her great mental suffering and emotional distress…and sustained anxiety, anger, upset, worry, humiliation, imbarassment [sic], irritability and lost tremendous interest in taking the bus…"  Id.  Defendants contend that Plaintiff's allegations do not describe extreme and outrageous conduct as a matter of law, but rather describes "mere insults."  Id. at pg. 14.  Defendants refer to Plaintiff's allegations of bus driver comments ranging from Plaintiff "wasn't cute" to Plaintiff being a "punk."  Id.  Defendants argue that Plaintiff has not pled facts that give rise to a civil rights violation and thus fails to invoke federal jurisdiction.  Id. at pgs. 15-17.

In response, Plaintiff argues that Defendants' conduct was extreme and outrageous, and this conduct caused her severe emotional distress.  Doc. No.22 at pg. 3.  Plaintiff contends that she has sufficiently pled a civil rights violation, and this case presents a federal question.  Id. at pg. 2.

The Court agrees with Defendants.  In reviewing Plaintiff's pleadings, the Court finds that Plaintiff fails to plead a plausible claim.  Plaintiff claims she was "assaulted" with "boisterous noise on the bus," "assaulted" "with boisterous bus air noise," and several defendants yelled in a menacing manner for her to "shut up."  Id. at pg. 3.  The Court finds that Plaintiff fails to allege sufficient facts to support a cognizable legal theory.  Li, 710 F.3d at 999.  In addition, the Court finds that it lacks subject matter jurisdiction because

4

Plaintiff fails to plead a federal question, and there is no complete diversity of citizenship between parties.

## **CONCLUSION**

Based on the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's FAC (Doc. No. 18) is **dismissed with prejudice**.

**IT IS SO ORDERED**.

DATED: September 5, 2019

JOHN A. HOUSTON
United States District Judge

18cv2137-JAH (WVG)