UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ANDERSON,<br><br>                                    Plaintiff,<br><br>v.<br><br>DOES 1-6;<br>MARK HELD, METROPOLITAN<br>TRANSIT SYSTEM – S.D.T.C.;<br>GREGORY WILLIAMS, TRANSDEV<br>SERVICE, INC.,<br><br>                                    Defendants. | Case No.:  18cv2137-JAH (WVG)<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS (Doc. No. 29)** |

## **INTRODUCTION**

Pending before the Court is Defendant Transdev Services, Inc.'s ("Defendant") motion to dismiss Plaintiff Lisa Anderson's ("Plaintiff") First Amended Complaint (the "FAC").  Doc. No. 29.  The motion is unopposed.  After careful consideration of the pleadings, and for the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED.**

## **BACKGROUND**

On September 14, 2018, *pro se* Plaintiff Lisa Anderson filed an action against Defendants Does 1-6, Mark Held, Metropolitan Transit System-S.D.T.C., Gregory

Williams, and Transdev Service, Inc., alleging "deprivation of civil rights secured by the First, First, and Fourteenth Amendment" and intentional infliction of emotional distress (the "Complaint"). Doc. No. 1. Plaintiff claims that unidentified bus drivers mocked her, made noises at her while she was on the street or on the bus, and used excessive force on the Plaintiff. *Id.* at pg. 3. On January 2, 2019, Defendant filed a motion to dismiss the Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. No. 11. On March 4, 2019, this Court granted Defendant's motion, with leave to amend within thirty (30) days. Doc. No. 17.

Plaintiff filed the FAC on April 4, 2019. Doc. No. 18. Defendant filed a motion to dismiss the FAC pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure on May 31, 2019. Doc. No. 29. Plaintiff has not responded to Defendant's motion.

## DISCUSSION

### I. Legal Standard

### A. Federal Rule of Civil Procedure 12(b)(1)

Under 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. (quoting *Thornhill Publishing Co. v. General Telephone & Electronic Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing

that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

To effectively state a claim for a civil rights violation under Section 1983, the claimant must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). A person "acting under the color of state law" in violation of Section 1983 requires a defendant to exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49.

"Ordinarily, a pro se complaint will be liberally construed and will be dismissed only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (internal quotes omitted). However, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556

U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), a court must assume the truth of all factual allegations and construe the factual allegations in the light most favorable to the nonmoving party. *Cahil v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are "cast in the form of factual allegations." *Ileto v. Glock Inc*., 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). The court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## II.     Analysis

Civil Local Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Moreover, the Ninth Circuit has recognized that failure to follow a district court's local rules is a proper ground for dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming a district court's dismissal of a pro se plaintiff's complaint for failure to timely oppose a motion to dismiss where she had notice of the motion and ample time to respond).

The hearing date for Defendant's motion to dismiss was scheduled for July 8, 2019 at 2:30 p.m. Local Rule 7.1e.2 requires that an opposition must be filed and served no later than fourteen (14) calendar days prior to the noticed hearing. Thus, Plaintiff's opposition

was due by June 25, 2019. The Court has not received any opposition from Plaintiff, nor has she requested additional time to file such an opposition. Accordingly, pursuant to Civil Local Rule 7.1(f)(3)(c), the Court deems Plaintiff's failure to oppose Defendant's Motion as consent to granting it.

The above conclusion makes consideration of Defendant's motions unnecessary. However, in the interest of justice, the Court will address Defendant's 12(b)(1) and 12(b)(2) motions to dismiss.

Defendant argues that Plaintiff fails to invoke federal jurisdiction. Doc. No. 29 at pg. 14. Defendant contends that Plaintiff's alleged claims under the Constitution or federal statutes appears to be immaterial and made solely for the purpose of obtaining jurisdiction. Id. at pgs. 14-15. In addition, Defendant asserts that Plaintiff's IIED claim is not cognizable under Section 1983. Id. at pg. 15. Defendant also argues that even if IIED was a recognizable claim under Section 1983, Plaintiff fails to fulfill the elements of an IIED claim. Id.

The Court agrees with Defendant that Plaintiff fails to invoke federal jurisdiction. In reviewing Plaintiff's pleadings, the Court finds that Plaintiff fails to meet the burden of establishing federal jurisdiction. See Kokkonen, 511 U.S. at 377. Plaintiff claims that the transit drivers acted in "a malicious, willful, rude, violent, intimidated, threatening, maligned, and insolent manner." Doc. No. 18 at pg. 3. Here, the Court finds that Plaintiff fails to properly plead that these actions violated her Constitutional and civil rights. Therefore, the Court finds that it lacks subject matter jurisdiction because Plaintiff fails to plead a federal question, and there is no complete diversity of citizenship between parties.

Defendant also moves to dismiss for failure to state a claim for which relief can be granted. Id. at pgs. 9-13. Defendant argues Plaintiff's "FAC fail to state any facts that could conceivably support . . . any wrongdoing by [Defendant] . . . or any purported [Defendant's] employees." Id. at pg. 13.

The Court agrees with Defendant that Plaintiff fails to state a claim for which relief can be granted. See Doc. No. 29, pgs. 9-13. Plaintiff claims that Defendants would "hit

out a loud boom directly at plaintiff," and that transit drivers yelled in a menacing manner for her to "shut up or get off the bus."  Doc. No. 18 at pg. 3.  The Court finds that Plaintiff allegations are insufficient to support a cognizable legal theory.  See Li, 710 F.3d at 999. Even viewing Plaintiff's allegations in light most favorable to her and under the most liberal pleading standards provided to *pro se* plaintiffs, the FAC fails to suggest a claim entitling her to relief.  See Moss, 572 F.3d at 969.

## CONCLUSION

Based on the foregoing reasons, the Court hereby **DISMISSES** Plaintiff's FAC (Doc. No. 18) **with prejudice**.

**IT IS SO ORDERED.**

DATED: September 23, 2019

JOHN A. HOUSTON
United States District Judge